ARTEMAS BIGELOW, administrator, vs. WARREN FOSS and another.

*Mortgage on real estate — action — declarations of beneficiary admissible. Estoppel.*

If the only surviving beneficiary named in a mortgage of real estate actively aid and assist the mortgager in selling and conveying by deed of warranty the mortgaged premises to a third person without mentioning her own claim, and such third person, relying upon the joint representations of the mortgager and such beneficiary, and without suspecting that there was any incumbrance upon the premises, thereupon purchased the same for their full value, she is thereby estopped to set up any claim under the mortgage.

Nor can such estoppel be avoided by the fact, that the plaintiff of record is prosecuting the suit as the administrator of the estate of the mortgager, who stood in the relation of trustee of the other beneficiary.

The declarations of the real party in interest, though his name does not appear as the party of record, are competent evidence against him.

Thus, in the trial of a real action, brought for the sole purpose of enforcing a claim for the life-maintenance of the surviving widow of the mortgagee, in the name of the administrator of the mortgager, on a mortgage conditioned for the maintenance of the mortgagee and his wife, her acts and declarations tending to show, that, at the time of the mortgager's conveyance of the mortgaged premises by deed of warranty to the defendant's grantor since the death of her husband, she knew the sale was contemplated, and actively aided and assisted in bringing about the sale of the premises at their full value, and urged the mortgager's grantee to purchase without mentioning her claim, and relying upon the joint representations of the mortgager and the widow, he did purchase without suspecting there was any incumbrance upon the premises. *Held,* that the facts constitute a defense, and that they are admissible in evidence.

ON REPORT.

WRIT OF ENTRY brought by the plaintiff as administrator on the estate of Lemuel Fletcher, deceased, upon a mortgage given by Asher P. Fletcher to said Lemuel on March 5, 1857, and duly recorded.

The case is sufficiently stated in the opinion.

*Hiram Knowlton,* for the plaintiff.

*D. D. Stewart,* for the defendants.

BARROWS, J. The plaintiff, as administrator of Lemuel Fletcher, brings this action upon a mortgage given in 1857 by Asher Fletcher to said Lemuel, conditioned, among other things, for the maintenance of said Lemuel and his wife Betsey during their natural lives and the life of the survivor of them. It was conceded at *nisi prius* that all the conditions of the mortgage had been fulfilled with this exception; since the date of a certain warranty deed of the premises given by Asher Fletcher, after the death of Lemuel, to David Bowman under whom the defendant Foss claims, Betsey Fletcher, who is still living, has received no support from Asher's grantees. This suit is brought to enforce her claim for a life-maintenance, and for this purpose only. The defendant offered in testimony the acts and declarations of Betsey Fletcher at the time of the sale of the premises, by Asher to Bowman, tending to show that she knew that Bowman contemplated purchasing the place, and that she urged him to buy of Asher, saying nothing about any claim of her own upon it, but taking an active part in the negotiation, and that she aided Asher in making sale of the place to Bowman for its full value, being present when Asher told Bowman that there was no incumbrance on it, and giving as a reason why it should be sold, that "her son Asher was so much out of health that he could not carry on the farm." It is fairly inferable that Bowman (whose title transmitted by deeds of warranty the defendant Foss now holds) bought the place, relying upon the joint representations of Asher and his mother, and paying the full value to Asher without any suspicion that the mother, who was recommending the purchase to him, had any claim on the property.

In corroboration of the above, the defendant offered proof that Mrs. Fletcher had often since the sale said that she and Asher sold the property for its full value, and expressed her satisfaction with the affair, assigning her reasons why it was better for them to sell.

If the testimony thus offered by the defendant was admissible, and would constitute a good defense to the suit, the case is to stand for trial.

That such facts would constitute a good defense if the suit were for the recovery of personal property or its value, and were brought in the name of the person whose acts and declarations are offered to raise the estoppel, there can be no doubt.

The governing principle is well stated by Lord Denman in *Gregg* v. *Wells*, 10 Ad. & Ell. 90 (37 E. C. L. R. 54), and is supported by an unbroken series of decisions from the days of Vernon and of Salkeld to the present time.

It has been held in numerous cases in this State, and must be considered as settled law here, that the same doctrines and principles are applicable to sales of real as well as of personal property, and that the equitable estoppel is to be regarded as available in a suit at law for the land. *Hatch* v. *Kimball*, 16 Maine, 146; *Durham* v. *Alden*, 20 Maine, 231; *Rangeley* v. *Spring*, 21 Maine, 137; *Stearns* v. *McNamara*, 36 Maine, 178; *Stinchfield* v. *Emerson*, 52 Maine, 465.

Nor can the estoppel be avoided by the fact that the plaintiff of record is prosecuting the suit, in a representative capacity, as administrator of the original mortgagee, who stood in the position of trustee for the other beneficiaries named in the mortgage. The declarations, acts, and omissions relied on, as creating the estoppel, are those of the person towards whom the present plaintiff now stands in the relation of trustee, and for whose benefit he prosecutes the action. See R. S. of 1857, c. 65, § 22.

The party in interest cannot be permitted to assert, successfully, through the intervention of an agent and trustee, a claim which she would be estopped from asserting if the suit were brought in her own name.

And the declarations and admissions of the real party in interest, though his name does not appear as the party of record, are competent evidence against him, the law giving them the same rights as though he was a party to the record. 1 Greenl. Ev., § 180; 2 Starkie on Ev., 40, 41, Metcalf's ed.

This rule is recognized in *Richardson* v. *Field*, 6 Greenl. 305; *May & Cheeseman* v. *Taylor*, 6 Man. & Gr., 261 (46 E. C. L. R. 259); and *Kendall* v. *Lawrence*, 22 Pick. 540.

The mortgage given by Asher Fletcher to Lemuel, provides that the mortgager " is to have and keep possession of the premises so long as the said Asher shall observe and keep the conditions herein expressed," and implies, in another clause, that with the consent of said Lemuel and wife, 'or the survivor of them, the support which Asher was bound to give to them, might be furnished elsewhere. Whether the conditions of the mortgage have been fully performed does not appear by the case as reported. But it is not necessary at present to consider this branch of the defense.

According to the stipulations in the report, the entry must be

*Case to stand for trial.*

